VAN SICKLE DEVELOPMENT CO., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Van Sickel Development Co. v. Commissioner
Docket No. 7186-76.
United States Tax Court
T.C. Memo 1978-161; 1978 Tax Ct. Memo LEXIS 356; 37 T.C.M. (CCH) 707; T.C.M. (RIA) 780161; April 25, 1978, Filed Wallace Becker and Michael J. Tavlin, for the petitioners. Wayne B. Henry, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency in the Federal income tax of the petitioner for the taxable year 1973 in the amount of $2,812.04. The issue remaining for decision is whether petitioner is a personal holding company as the term is defined in section 542, [1] and thereby subject to the personal holding company tax under section 541. FINDINGS *357 OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time of the filing of the petition herein, Van Sickle Development Co., Inc., hereinafter referred to as petitioner, was a Nebraska corporation with its principal office and place of business in Lincoln, Nebraska. Petitioner was an accrual basis taxpayer and filed a corporate income tax return for the taxable year ending December 31, 1973, wich the District Director of Internal Revenue in Ogden, Utah. During the year in issue, the shareholders of petitioner were Wilton E. Van Sickle, Irma K. Van Sickle and Stephen W. Van Sickle. Wilton E. Van Sickle was the president, treasurer and a director of petitioner. Stephen W. Van Sickle was secretary and a director of petitioner. Van Sickle Plastics Co., hereinafter referred to as Plastics, was at all times during the year in issue, a Nebraska corporation. The shareholders of Plastics during the year in issue were Wilton E. Van Sickle, Stephen W. Van Sickle and Andrew W. Van Sickle. Wilton E. Van Sickle was the president and treasurer and a director; Stephen W. Van Sickle was *358 vice president and a director; and Henry W. Wald was a director. Petitioner had an account at the First National Bank and Trust Company of Lincoln, Nebraska, hereinafter referred to as First National. First National maintained a bank-issued "federal funds pool" participation, which was limited to its existing corporate customers with a minimum investment of $100,000.00. Funds invested in this pool earned a higher rate of interest than other accounts at the bank. Stephen Van Sickle was advised of this "federal funds pool" by the manager of the commercial department of First National. The bank suggested that funds of Plastics and Irma Van Sickle be invested in this "federal funds pool" through petitioner. On or about October 3, 1973, Irma Van Sickle had the First Federal Savings and Loan Association of Lincoln, Nebraska, issue a check to her order, drawn on her personal account, in the amount of $54,000.00. She endorsed the check to the order of the petitioner to be invested on her behalf, in the "federal funds pool." On the same date, Plastics drew two checks payable to petitioner aggregating $147,000.00 on its corporate checking account at the Bank of Panama, Nebraska, *359 in the respective amounts of $60,000.00 and $87,000.00. These checks were likewise delivered to petitioner to invest on Plastics' behalf in the "federal funds pool." On or about October 4, 1973, petitioner deposited to its account at First National, the $54,000.00 check of Irma Van Sickle and Plastics' two checks in the respective amounts of $60,000.00 and $87,000.00 and a fourth check drawn of petitioner's own corporate savings account in the amount of $7,217.68, for a total deposit of $208,217.68. Petitioner thereupon issued a check dated October 3, 1973, on its own account at First National in the amount of $210,000.00 payable to First National for investment in the "federal funds pool." Petitioner simultaneously received a participation agreement dated October 4, 1973, from First National reflecting the $210,000.00 investment in the "federal funds pool." On or about December 11, 1973, petitioner at Plastics' request, withdrew $25,000.00 from the investment in the "federal funds pool" and returned such $25,000.00 to Plastics, leaving a balance of $122,000.00 as Plastics' remaining pro rata share in the investment. Petitioner received a new participation agreement dated *360 December 12, 1973, reflecting a reduced balance in the "federal funds pool" of $185,000.00. For the taxable year 1973, the investment by petitioner in the "federal funds pool" earned a total of $4,517.59. The amounts earned were credited to petitioner's checking account with First National. Initially, petitioner paid the interest to Plastics and Irma Van Sickle weekly. Due to the amount of paperwork involved, it was decided that petitioner would accumulate the money and pay it out from time to time. Checks dated December 31, 1973, were issued by Van Sickle Development Co. to Plastics and Irma Van Sickle in payment of their respective shares of interest on the "federal funds pool." Petitioner kept ledger sheets showing how much the investment earned daily and the amount allocated to each invester. As of December 31, 1973, petitioner had distributed funds to Plastics and Irma Van Sickle in the amounts of $2,968.09 and $1,134.37, respectively, representing Plastics' and Irma Van Sickle's pro rata shares of the interest earned. The preparer of petitioner's return reported the interest as gross income and deducted the amount distributed to Plastics and Irma Van Sickle as an *361 interest expense. Consistent therewith, respondent determined that the interest earned by the investment in the "federal funds pool" was gross income to petitioner in the first instance, thereby qualifying petitioner as a personal holding company as defined in section 542. OPINION The manager of the commercial department of First National advised Stephen Van Sickle about First National's policy of allowing existing corporate customers to invest a minimum of $100,000.00 in a "federal funds pool" which paid a higher percentage of interest than was ordinarily available. On or about October 3, 1973, Plastics and Irma Van Sickle transferred $201,000.00 to the petitioner. Petitioner invested this $201,000.00 and $9,000.00 of its own money in the bank-issued "federal funds pool." Respondent contends that the $201,000.00 was loaned by Plastics and Irma Van Sickle to petitioner and the interest income received on the $210,000.00 is gross income to petitioner, thereby bringing petitioner within the definition of a personal holding company subject to tax under section 541. Petitioner contends that it should not be treated as having received the interest because it was acting as *362 agent for Plastics and Irma Van Sickle when it invested their $201,000.00 and its $9,000.00 in the "federal funds pool." Petitioner further contends that it realized as its pro rata share of interest income only $189.17 of the total interest of $4,517.49 realized on the investment. It is clear that Plastics and Irma Van Sickle entered into this venture with petitioner with the intention that petitioner was to act as their agent and invest their funds and funds of petitioner in the "federal funds pool." Neither Plastics nor Irma Van Sickle could make such investment directly on their own account, since neither satisfied the participation requirements of being an existing corporate customer of First National. [2]
Respondent would deny the existence of any agency on the ground that the agreement between petitioner, Plastics and Irma Van Sickle was oral. There were no corporate resolutions nor were there any minutes of stockholders or directors meetings reflecting *363 an agency agreement. However, in view of the fact that the venture was between family members and closely held family corporations, the Court does not view the lack of formalities as unusual.
The record clearly indicates that it was the intent of Plastics and Irma Van Sickle to invest in the "federal funds pool" through the petitioner. It was understood from the outset that the interest earned on that investment would be shared in proportion to the amounts invested. Petitioner credited interest to the parties at precisely the same interest rate earned by the investment on a daily basis. The evidence also clearly shows that the pro rata percentages were adjusted to reflect this withdrawal and reduction of interest. If petitioner had, as respondent contends, borrowed funds from Plastics and Irma Van Sickle for petitioner's account, the interest due thereon would not have been dependent on the interest earned by the "federal funds pool." The petitioner had nothing to gain from the so-called loan. Accordingly, the Court finds that petitioner was acting as agent for Plastics and Irma Van Sickle when it invested their funds in the "federal funds pool" maintained by First National. *364 Petitioner was merely acting as a nominee in investing the funds entrusted to it by Plastics and Irma Van Sickle in a specific account, i.e., the "federal funds pool." The amounts invested by Plastics and Irma Van Sickle were always subject to their control, being subject to withdrawal at will. Plastics withdrew $25,000.00 on December 11, 1973, to use in its business. It is well settled that the receipt of money in the capacity of an agent with no gain or benefit accruing to the recipient, is not includable in the recipient's income. The essence of taxable income is the accrual of some gain or benefit to the taxpayer. See and . Since the interest was not gross income to the petitioner, it should not have been characterized as personal holding company or adjusted ordinary gross income. Accordingly, petitioner was not a personal holding company as defined in section 542 for the year in issue. Decision will be entered for the petitioner. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. The participation requirements for investment in the "federal funds pool" were not based on any federal rule or regulations, but had been adopted by the bank so as not to compete with individual savings accounts.↩